THE CITY OF PASSAIC

*v.*

THE PUBLIC SERVICE CORPORATION OF NEW JERSEY and THE PATERSON AND PASSAIC GAS AND ELECTRIC COMPANY.

1. Act May 18th, 1898 (*P. L. 1898 p. 458*), curing defects and irregularities in proceedings by municipalities to authorize electric lighting companies to construct and maintain in its streets lines for furnishing light, rendered valid a previous grant of such authority by a city, in form of a motion, instead of by ordinance or resolution.

2. A city is not entitled to restrain an electric lighting company from maintaining and using its line of poles and wires on the ground of a forfeiture of its privilege, without first giving the company notice of a claim of such forfeiture, and an opportunity to be heard.

3. If a city has power, by regulation, to prohibit electric light wires carrying more current than a stated amount, and to prohibit the erection of poles over a certain size, such right can be exercised only by general ordinance.

4. The right of action, if any, against an electric lighting company for abuse of its charter powers in transmitting electricity from the city, where its plant and franchise is situated, to outlying communities is in the state, and not the city.

Heard on bill, answer, replication and proofs in open court.

*Mr. George P. Rust,* for the complainant.

*Mr. L. D. Howard Gilmour,* for the defendants.

GARRISON, V. C.

This case was, by consent, tried and submitted with the case of *Taylor* v. *The Public Service Corporation of New Jersey* and *The Paterson and Passaic Gas and Electric Company,* immediately preceding this.

The bill charges that the defendants have lately erected on the easterly side of Central avenue the large poles mentioned in the preceding opinion, which poles are unsightly and dangerous; that the purpose of the poles is to carry wires upon which an electric current is to be transmitted from the city of Paterson to the city of Passaic, and thence through Central avenue to Monroe street, to Hamilton avenue, and thence to the power house of the defendants, located at the intersection of Passaic street and Columbia street in the city of Passaic; that the said current is to have a voltage of sixty-five hundred volts; that on all of the said streets just named the defendants have erected, or contemplate erecting, similar poles for the purpose of distributing therefrom electricity to the citizens and residents of the city of Passaic and of the various surrounding communities; that no authority or permission has been given to the defendants by the city for the erection of said large poles and the stringing thereon of said electric wires for the transmission of the aforesaid high voltage current, and that the acts of the defendants in this respect are without grant or consent and are entirely illegal; that for the purpose of supplying electricity for the public and private lighting of the city of Passaic a current not exceeding twelve hundred volts is all that is required, and that the carrying of upwards of sixty-five hundred volts is unnecessary and extremely dangerous to life and property. The prayer is that the defendants may be restrained from further proceeding with the construction of said poles and wires for the transmission of the high-tension system and from the use of said poles for any purpose, and that the court will compel the wires, which have already been strung as aforesaid, and the large poles which have

already been erected as aforesaid, to be taken down and removed.

By permission of the court the defendants filed a demurrer and answer.

They demur upon the ground that there is no equity in the bill; that the complainant has an adequate remedy at law, and that it appears by the bill that the court of equity has no jurisdiction over the alleged cause of action.

They answer by admitting the facts as set up in the bill, and claim that by the action of the municipal authorities on the 6th of January, 1888, which is set out in full in the opinion in the case of *Taylor* v. *The Public Service Corporation of New Jersey* and *The Paterson and Passaic Gas and Electric Co., supra,* they obtained full power and authority to do that which they are doing.

No evidence was introduced as to conditions at any other place than on Central avenue in front of the premises of Taylor, as set forth in the opinion in *Taylor's Case,* and what I have to say is entirely confined to what was proven with respect to that portion of the street or streets.

I do not know whether I correctly apprehend the exact attitude which the city takes in this matter, as little attention was paid in the argument or in the briefs to the city's case, the entire stress being placed upon the rights of Taylor. It would seem to me, however, that the utmost claims which the city could put forth would be either (*a*) that the defendants have no right, because of the lack of valid municipal action, to place any poles in the street at the place in question; or (*b*) that there was a condition contained in the privilege granted the defendant companies by the city that the said companies must "do and perform all things required of them in the erection, construction and maintaining of their said plant that may be required by the city of Passaic—under a forfeiture of said privileges," and that this work is either "erecting, constructing or maintaining the plant," and may by the city be required to be done differently under penalty of forfeiture; or (*c*) that the city, in the exercise of the police power and the power to regulate the use of its streets, may prevent wires carrying electricity of a higher voltage than a

fixed amount, beyond which no user of the streets for such purposes may go; or (*d*), finally, that the maintenance of these poles and wires is a nuisance.

I will take these up in their order, and suggest briefly the law relating thereto. It seems perfectly clear that if this work is mere replacement of poles legally erected under valid authority, no attack can be made excepting such as would have applied to the poles originally placed.

(*a*) As has been indicated in the opinion in the *Taylor Case,* the proofs do not show a granting by ordinance or resolution of the municipal body of the rights claimed by the defendants. The procedure is set forth in full in the above case, and it would appear therefrom that the privilege, as it was called, was granted upon motion. I incline to the opinion that the act of May 18th, 1898 (*P. L. 1898 p. 458*), was intended to meet just such cases, and to legalize, as against the municipality, the poles then erected under what otherwise would be invalid municipal action. Therefore, the first ground of complaint is without merit, because of the curative legislation just referred to. As will be seen by reference to the opinion in the. *Taylor Case,* these poles were originally erected in 1897, and therefore come within the language of the act of 1898.

(*b*) The second suggested ground is that by reason of the condition contained in the grant of the privilege, the municipality may require the company to erect, construct and maintain its plant in a certain way, upon pain of forfeiture. Granting that this is so, it would appear that this bill is premature, because before the city could act upon the situation as if the privilege were forfeited, it must first take proper procedure to forfeit it. If the claim of the city is that the defendants have done that which causes a forfeiture of their privilege, either by erecting poles of an undue size, or projecting the use of a current of an undue amount, or otherwise constructing or maintaining their plant in a manner violative of the privilege, they must give the defendants notice and an opportunity to be heard, and take action *quasi*-judicial in character declaring the forfeiture. Nothing of this sort has been done, and, in default of it, I do not think the city has any right to invoke the aid of the court to

take its place in determining whether a breach has taken place which should result in forfeiture, and thereupon to declare a forfeiture, and deal with the defendants as if they were without the protection of the municipal consent or privilege aforesaid.

(*c*) The third suggested ground of complaint is that the city has the right and power to regulate the use of the streets and the maintenance therein of wires carrying electric current, and, in the course of such regulation, might prohibit wires carrying more current than an ascertained and stated amount, or prohibit the erection of poles over a certain size. I do not decide, because I do not have to, whether the city has this power; but assuming that it has, I am quite clear that it must exercise it by some general ordinance defining the offence or regulating the matter. Until this is done, I do not think the city has any right to proceed in individual cases, because, until there is a law, there is no offence.

(*d*) As the last suggested ground, I am not prepared upon the pleadings and proofs in this case, to hold that these poles and wires constitute a nuisance which should be restrained in equity. As to the poles, as I have before stated, I hold that the act of 1898 legalizes their existence as against the municipality, and I do not find that the mere size of the poles constitutes a nuisance. As to the high-tension system, the proofs do not make it at all clear that there is any such danger therefrom as to constitute its presence in the street a common nuisance.

Finally, if it be contended, as there is some suggestion, that because it is intended to carry this power from Paterson to Passaic and thence to outlying communities, there is some abuse of the charter powers of the company, this, of course, can only be taken advantage of by the state and not by the complainant herein. There is, of course, a remedy at law in the complainant, if his case were well founded; but I am not inclined to refuse relief here because thereof, as it may well be that such remedy would not be adequate if the complainant were entitled, with respect to the wires to carry the high-tension system, to relief at this time.

The result is that the bill in this case must be dismissed, and I will so advise.